FRED A. GAMBOLD, as Executor, etc., of CHARLES S. LAMPHEAR, Deceased, Plaintiff, *v.* GEORGE W. MACLEAN and ERNEST C. COLTER, as Surviving Executors of and Trustees under the Last Will and Testament of KATHERINE L. MACLEAN, Deceased, Defendants.

Supreme Court, Kings Special Term, October, 1922.

Practice — service of naked summons — within what time notice of appearance may be served — when default excused — striking out allegations of complaint.

About two weeks after the summons in an action against two executors, as such, had been served upon one of them but before he had appeared in the action and before his time to appear had expired, the complaint was served upon him. About two weeks thereafter both defendants appearing by the same attorney served a notice of appearance together with an order to show cause why certain allegations of the complaint should not be stricken out and the time to answer was extended ten days from the determination of the motion. The plaintiff's attorney returned the papers on the ground that the notice of appearance was served too late and was, therefore, out of order. *Held*, that the defendant who was served with the complaint before the expiration of twenty days after service of the summons upon him was justified in being sufficiently confused by plaintiff's practice to warrant being excused for default, if there was any.

Under the extension given by the order to show cause both defendants still had the same time within which to answer, and an order will be granted directing the plaintiff's attorney to accept the notice of appearance as served.

Plaintiff was not justified in returning the notice of appearance as the other defendant was not at any time in default, and the plaintiff could not in any possible way take judgment by default.

Where allegations sought to be stricken out, though more or less historical and evidentiary, are plain, concise and unambiguous and bear a close relation to the subject-matter of the action, the motion to strike out will be denied.

MOTIONS to compel acceptance of notice of appearance and to strike out parts of the complaint.

*Herbert P. Queal* and *Eugene Lamb Richards*, for plaintiff.

*Jay Noble Emley*, for defendants.

VAN SICLEN, J.  On September 12, 1922, the plaintiff, through his attorneys, served the summons herein on the defendant Colter. On September twenty-seventh, before this defendant had appeared in the action and before his time to appear had expired, the complaint was served on this defendant. On October 13, 1922, both defendants, through the same attorney, served a notice of appearance, and with it was served an order to show cause why certain allegations of the complaint should not be stricken out, and the time to answer the complaint was therein extended ten days from the determination thereof. The pleadings served by the plaintiff are

subscribed with the names of two attorneys having offices at separate addresses on different streets. The plaintiff's attorney, upon whom the notice of appearance and order to show cause were served, returned them on the ground that the former was served too late and that, being out of court, so to speak, the latter was out of order. It would seem that litigation conducted in this fashion was more or less of a game to be played with a book of rules. The defendant Colter says that, having received the complaint before twenty days had elapsed after the receipt of the summons, he assumed the complaint was to supersede, so to speak, the summons, and that he relied on his right under section 263 of the Civil Practice Act to have twenty days to answer it. It seems to the court that he was justified in being sufficiently confused by the plaintiff's practice to warrant being excused for any default, if there were any. It needs no statement on his part to establish that his failure to appear was not wilful and apparently it was not inadvertent. Furthermore, the plaintiff was not justified in returning the notice of appearance as the other defendant was in no wise at any time in default, and as they are both being sued in their representative capacities as executors of the same will the plaintiff could not in any possible way take a judgment by default. The court, therefore, directs the plaintiff's attorney to accept the notice of appearance as served and holds that both defendants still have the same time to answer that is extended to them by the order to show cause. As to the motion to strike out, that will be denied for the reason that while the allegations in question are more or less historical and evidentiary, they are plain and concise and unambiguous, and bear a close relation to the subject-matter of the cause of action. They are informative and will assist the court in determining the issues. Both motions are determined, without costs.

Ordered accordingly.